UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

AMERICAN GUARANTEE & LIABILITY
INSURANCE COMPANY, Individually and
as subrogee/assignee of UNITED
AMERICAN INSURANCE COMPANY,

      Plaintiff,

v.

                                                Civ. No. 13-277 MV/LFG

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Reconsideration of the Court's Order Dated March 24, 2014 [Doc. 26]. The Court, having considered the motion, briefs, relevant law, and being otherwise fully informed, finds that the Motion is well-taken and will be granted.

## BACKGROUND

This case arises out of a July 29, 2008 collision between JoAnn Spafford-Paak and Daniel Lobato, which occurred on Highway 550 in Bernalillo, New Mexico. Doc. 1-1 (Complaint) ¶ 8. As a result of the collision, Lobato was injured, and he and his wife sued Paak and her employer, United American Insurance Company ("UAIC"), in the New Mexico state court case of *Daniel Lobato v. Spafford-Paak et al.* ("Lobato Action"). *Id.* ¶¶ 9-10.

Liberty Mutual Fire Insurance Company ("Liberty Mutual") issued a primary commercial automobile liability policy to Torchmark Corporation, a holding company for UAIC, with a policy

period of June 1, 2008 to June 1, 2009, and a $1,000,000 combined single limit.  *Id.* ¶ 15.  American Guarantee & Liability Insurance Company ("AGLIC") issued a commercial umbrella liability policy to UAIC, with a policy period of June 1, 2008 to June 1, 2009, with limits of $25,000,000 per occurrence and in the aggregate.  *Id.* ¶ 16.

UAIC contested liability in the Lobato Action on the ground that Paak was an independent contractor, or alternatively, that if she was an employee of UAIC, she was acting outside of the scope and course of her employment at the time of the accident, which occurred when she was driving to lunch.  *Id.* ¶¶ 14, 22.  UAIC filed motions for summary judgment; on July 12, 2010, the court denied the motions, determining that there were disputed issues of material fact for the jury to decide regarding whether Paak was an independent contractor and, if not, whether she was acting within the scope and course of her employment.  *Id.* ¶¶ 22-23.  A trial date was scheduled for October 4, 2010.  *Id.* ¶ 25.

UAIC made AGLIC aware of the Lobato Action on July 19, 2010.  *Id.* ¶ 24.  A few weeks later, the plaintiffs in the Lobato Action proposed a settlement number of $5,000,000.  *Id.* ¶ 26.  Based on its own investigation and evaluation, AGLIC estimated that reasonable exposure in the Lobato Action was well in excess of Liberty Mutual's $1,000,000 policy limit.  *Id.* ¶ 30.  AGLIC repeatedly asked Liberty Mutual to engage in settlement negotiations, tender its $1,000,000 limit to AGLIC for settlement, and personally appear at mediation to settle the case; Liberty Mutual refused to do any of those things.  *Id.* ¶¶ 31, 35, 39, 40, 47, 50-51.  During trial, counsel for the Lobatos proposed a high-low settlement option; Liberty Mutual refused to agree to the low number of $750,000.  *Id.* ¶¶ 48-49.

At the conclusion of the trial, the jury reached a verdict in favor of the plaintiffs, awarding them $3,187,614.12 in damages.  *Id.* at 56.  With interest, the final damages award was

$3,670,559.49. *Id.* at 58. Liberty Mutual then tendered its $1,000,000 policy limit to AGLIC. *Id.* at 61. Ultimately, AGLIC settled the Lobato Action for some amount less than the final damages awarded by the jury. *Id.* ¶ 62.

On February 5, 2013, AGLIC commenced the instant action by filing in New Mexico state court its two-count Complaint for Failure to Settle and Equitable Subrogation. Doc. 1-1. Liberty Mutual removed the action to this Court on March 22, 2013. Doc. 1. Thereafter, on March 29, 2013, Liberty Mutual filed a motion to dismiss both counts of the Complaint. Doc. 5. In its motion, Liberty Mutual argued that Texas law applies to the dispute. In its response in opposition to the motion, AGLIC argued that New Mexico law applies to the dispute. In a Memorandum Opinion and Order entered March 24, 2014 ("March 24 Opinion"), the Court agreed with AGLIC that New Mexico law applies, but held that, under New Mexico law, AGLIC failed to state a claim upon which relief can be granted as to either count of the Complaint. Doc. 26. Specifically, as to Count I, the Court held that AGLIC, as the excess insurer, may not directly pursue a claim against Liberty Mutual, as the primary insurer, for breach of a duty owed to AGLIC, as the excess insurer. As to Count II, the Court held that although AGLIC, as subrogee of UAIC, may assert a derivative claim against Liberty Mutual for bad faith failure to settle, such a claim requires allegations that, if proven, would establish that Liberty Mutual refused to settle or rejected a settlement offer within Liberty Mutual's policy limit of $1,000,000; here, the Complaint pled no such allegations.

On April 21, 2014, AGLIC filed the instant motion for partial reconsideration of the March 24 Opinion. Specifically, AGLIC asks the Court to vacate that portion of the Opinion dismissing Count II of the Complaint. In support of its request, AGLIC argues that the Court erred in dismissing Count II because New Mexico law, as interpreted by the Tenth Circuit, does not require a plaintiff to plead the rejection of a settlement offer in order to state a claim of bad faith failure to

3

settle.  Liberty Mutual opposes AGLIC's motion, arguing that the Court did not misapprehend controlling law in reaching its decision to dismiss Count II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration.  *In re Thornburg Mortgage, Inc. Secs. Litig.*, No. 07-85, 2011 WL 2429189, *19 (D.N.M., June 2, 2011).  Although a district court has "considerable discretion" to revisit its prior decisions, *see Thornburg Mortgage*, 2011 WL 2429189 at *19, "as a rule [the Court] should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice."  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (citation omitted).  A motion for reconsideration is an "inappropriate vehicle [] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Rather, "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of Paraclete*, 204 F.3d at 1012.  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Id.*

## DISCUSSION

AGLIC asks the Court to reconsider its decision to dismiss Count II of the Complaint.  The Court's dismissal of Count II was predicated on its determination that, under New Mexico law, a plaintiff must allege that the defendant insurer failed to accept reasonable settlement offers within policy limits.  AGLIC argues that this is not an accurate interpretation of New Mexico law,

4

and cites in support of its argument *Hobbs v. Hartford Fire Ins. Co.*, 162 F.3d 576 (10th Cir. 1999). AGLIC admits that it failed to cite the *Hobbs* case in its opposition to Liberty Mutual's motion to dismiss, but insists that it was under no obligation to do so, as it was not until its reply brief that Liberty Mutual argued the validity of AGLIC's derivative claim under New Mexico law. Accordingly, AGLIC contends, a motion for reconsideration is the proper vehicle to allow it "a full and fair opportunity" to respond to the Court's determination that AGLIC failed to state under New Mexico law a derivative bad faith failure to settle claim.

      As an initial matter, the Court does not agree that AGLIC had no prior opportunity to address the viability under New Mexico law of its bad faith failure to settle claim. In its motion to dismiss, Liberty Mutual put squarely before the Court the issue of whether AGLIC could state a bad faith failure to settle claim. In its response, AGLIC argued not only that New Mexico law applies to the determination of that issue, but also argues precisely what it does here – that New Mexico law recognizes AGLIC's claims against Liberty Mutual, including its bad faith failure to settle claim. AGLIC failed, however, to support its argument with the reasoning and authority it now provides on its motion to reconsider, namely, that under *Hobbs*, its bad faith claim is viable even in the absence of a firm offer to settle within policy limits. Indeed, in its motion, Liberty Mutual clearly stated that the plaintiff in the underlying action never presented Liberty Mutual with a settlement offer within policy limits. Rather than alerting the Court to the holding in *Hobbs* that a firm offer is not necessary to invoke the doctrine of bad faith, AGLIC actually quoted the very jury instruction that the Court then quoted in its decision, which plainly states that a liability insurance company has a duty "to accept reasonable settlement offers within policy limits," and acts in bad faith "in rejecting a settlement offer within policy limits." NMRA, Civ. JUI 13-1704.

The *Hobbs* decision was published in 1998.  AGLIC has presented no credible reason for its failure to include in its response any mention of *Hobbs* or its impact on the precise issue before the Court on Liberty Mutual's motion to dismiss, namely, the viability of AGLIC's bad faith claim in the absence of a firm offer to settle within policy limits.  Further, even if, as AGLIC argues, Liberty Mutual raised new arguments in its reply, AGLIC made no effort to alert the Court to this situation or seek an opportunity to respond to such new arguments, by filing a motion for leave to file a surreply or otherwise.  In short, there is no excuse for AGLIC's failure to raise, until after entry of the Court's opinion in April 2014, a legal argument that was fully available to it at least as early as May 2013.

As Liberty Mutual argues, a motion to reconsider is improper where it merely advances new arguments that were available at the time of the original motion.  There is good reason for this rule, as requiring the Court to revisit issues wastes scarce judicial resources.  Nonetheless, the Court cannot in good conscience let stand an opinion in which it misapprehended controlling law, regardless of how remiss a party was in bringing that law to the Court's attention.  The Court must follow *Hobbs*, and *Hobbs* holds that a bad faith claim may be stated under New Mexico law even in the absence of a firm offer to settle within policy limits.  In order to prevent manifest injustice, the Court thus will reconsider its decision to dismiss AGLIC's derivative claim.

In *Hobbs*, the Tenth Circuit specifically held that "New Mexico courts would not follow the restrictive view that the absence of a firm offer to the insurer forecloses the possibility of a claim of bad faith failure to settle."  162 F.3d at 583.  In reaching this holding, the Tenth Circuit recognized New Mexico cases in which the Supreme Court stated that when a claimant makes a firm reasonable offer to settle within policy limits, the implied duty of good faith and fair dealing may require the insurer to settle.  *Id.* (citing *Dairyland Ins. Co. v. Herman*, 954 P.2d 56, 61 (N.M.

1997). The Tenth Circuit found, however, that "*Dairyland* does not analyze the insurer's duty in circumstances where a firm offer is not made or set any parameters prohibiting recovery for a bad faith failure to settle in other circumstances where a firm offer to the insurer has *not* been made." *Id.* (emphasis in original). Recognizing that "[g]ood faith in New Mexico imposes upon the insurer the duty to settle whenever practicable," the Tenth Circuit held: "New Mexico would not limit this duty to cases only where the claimant made a firm offer; instead, we are persuaded that New Mexico would . . . hold that an insurer can be liable for bad faith failure to settle even though a claimant has not submitted a firm reasonable offer." *Id.* at 584 (citation omitted).

Since *Hobbs*, the New Mexico Supreme Court has not decided the issue of whether an insurer has a good faith duty to settle in the absence of a firm offer to the insurer. As Liberty Mutual correctly notes, in two cases following *Hobbs*, the New Mexico Supreme Court repeated its statement in *Dairyland* that insurers have a good faith duty to accept reasonable settlement offers within policy limits. *See Guest v. Allstate Ins. Co.*, 244 P.3d 342, 357 (N.M. 2010) (dissenting opinion); *Sloan v. St. Farm Mut. Auto. Ins. Co.*, 85 P.3d 230, 237 (N.M. 2004). Just as *Dairyland*, however, neither of those cases analyzes the issue of "the insurer's duty in circumstances where a firm offer is not made or set[s] any parameters prohibiting recovery for a bad faith failure to settle in other circumstances where a firm offer to the insurer has *not* been made." *Hobbs*, 162 F.3d at 583. It is that precise issue – whether New Mexico would recognize a bad faith failure to settle claim in the absence of a firm settlement offer – that was addressed by the Tenth Circuit in *Hobbs* and that must be addressed by the Court in this case. Because no intervening decision of the New Mexico Supreme Court has resolved the issue, this Court is bound to follow the Tenth Circuit's prediction in *Hobbs* that New Mexico would allow a bad faith failure to settle claim in the absence of a firm settlement offer. *See Wankier v. Crown Equip. Corp.*, 353

F.3d 862, 866 (10th Cir. 2003) ("[W]hen a panel of [the Tenth Circuit] Court has rendered a decision interpreting state law, that interpretation is binding on district courts in this circuit . . . unless an intervening decision of the state's highest court has resolved the issue.").

In the instant case, the Complaint does not allege that the plaintiff in the underlying litigation made a firm settlement offer to Liberty Mutual within policy limits. The Complaint does, however, allege that AGLIC repeatedly asked Liberty Mutual to engage in settlement negotiations, tender its $1,000,000 limit to AGLIC for settlement, and personally appear at mediation to settle the case, and that Liberty Mutual refused to do any of those things. Further, the Complaint alleges that, during trial, counsel for the Lobatos proposed a high-low settlement option, and that Liberty Mutual refused to agree to the low number of $750,000. Under *Hobbs*, the Court finds that these allegations are sufficient to state a bad faith failure to settle claim under New Mexico law.

## CONCLUSION

Upon reconsideration, the Court finds that AGLIC has properly stated a derivative bad faith failure to settle claim. Count II of the Complaint thus must survive Liberty Mutual's motion to dismiss.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Reconsideration of the Court's Order Dated March 24, 2014 [Doc. 26] is granted, as follows: the Court's Memorandum Opinion and Order entered March 24, 2014 [Doc. 26] is hereby modified to reflect that Defendant's Motion to Dismiss [Doc. 5] is granted as to Count I of the Complaint, and denied as to Count II of the Complaint.

**IT IS THEREFORE FURTHER ORDERED** that the Judgment entered on March 24, 2014 [Doc. 27] is hereby vacated.

DATED this 17th day of February, 2015

_____
MARTHA VAZQUEZ
United States District Judge