IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMERICAN GUARANTEE & LIABILITY
INSURANCE COMPANY, Individually and
as subrogee/assignee of UNITED AMERICAN
INSURANCE COMPANY,

       Plaintiff,

v.                                             CV 13-00277 MV/WPL

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

       Defendant.

## ORDER GRANTING IN PART
## JOINT MOTION TO AMEND SCHEDULING ORDER

Plaintiff American Guarantee & Liability Insurance Company and Defendant Liberty Mutual Fire Insurance Company have filed a third motion to amend the scheduling order in this case. (Doc. 65.) For the reasons that follow, I will grant in part and deny in part this motion.

Almost three years ago, American Guarantee filed this case against Liberty Mutual, alleging claims for failure to settle and equitable subrogation arising out Liberty Mutual's failure to settle a lawsuit brought by Daniel Lobato and his wife against JoAnn Spafford-Paak in Bernalillo County, New Mexico. (Doc. 1 Ex. 1.) Liberty Mutual filed a motion to dismiss American Guarantee's claims, and Judge Garcia stayed discovery while the motion was pending. (Doc. 22.) On March 24, 2014, Judge Vazquez granted Liberty Mutual's motion to dismiss. (Doc. 26.) American Guarantee filed a motion for reconsideration, and on February 17, 2015, Judge Vazquez determined that Count II of American Guarantee's Complaint survived Liberty Mutual's motion and denied the motion to dismiss as to Count II. (Doc. 34.)

On March 26, 2015, I held a scheduling conference in this case. Although Judge Garcia had earlier stated that this case would be put on a 150 day schedule (Doc. 22), after consulting with counsel, I set a 180 day discovery schedule with discovery terminating on September 22, 2015. (Doc. 39.)

On June 24, 2015, the parties filed their first motion to amend the scheduling order, requesting a 75 day extension of discovery. (Doc. 48.) I granted this request and set a new discovery schedule, with discovery terminating on December 8, 2015. (Doc. 50.)

On September 28, 2015, the parties requested a second extension of discovery deadlines. (Doc. 58.) On October 6, 2015, I held a conference with the parties to discuss this request. I told the parties that I was concerned with how long the case had been pending, and that I may not approve any further such requests. I reluctantly approved the parties' request and set a new discovery schedule with discovery terminating on February 10, 2016. (Doc. 61.)

According to the pending motion to amend the scheduling order, the parties decided to vacate and reschedule depositions scheduled in November, 2015, because they were engaged in settlement negotiations. (Doc. 65 at 2.) While it certainly makes sense to attempt settlement before engaging in costly depositions and expert discovery, the parties could have attempted to settle this case at any time before or after suit was filed. In fact, in their second request to extend deadlines, the parties used settlement discussions as one of the reasons to extend the discovery deadline. (Doc. 58 at 1.)

A deadline in a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To establish good cause, a party seeking to extend a deadline must show that the deadline set in the scheduling order could not have been met with diligence. *Gorsuch, LTD. v. Wells Fargo Nat. Bank*, 771 F.3d 1230, 1240 (10th Cir. 2014).

Deadlines in a scheduling order may not "be cavalierly disregarded by counsel without peril." *Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) (citations omitted).

The parties have not shown good cause to once again extend the discovery deadlines in this case. Normally this would end the inquiry and I would simply deny the request. However, I recognize that Steve Alcala, one of Liberty Mutual's employees and a potential witness, is on medical leave. Further, the deadline for American Guarantee to identify expert witnesses and serve expert reports expired three days ago, and American Guarantee should not be penalized since Liberty Mutual agreed to an extension. Accordingly, I will grant a brief extension of deadlines as follows:

a) The termination date for discovery is March 9, 2016;

b) Plaintiff's deadline to identify expert witnesses and serve expert reports is December 28, 2015;

c) Defendant's deadline to identify expert witnesses and serve expert reports is February 15, 2016;

d) Plaintiff's deadline to serve rebuttal expert disclosures is February 22, 2016;

e) Defendant's deadline to serve rebuttal expert disclosures is February 29, 2016;

f) The deadline to file motions relating to discovery is March 23, 2016;

g) The deadline to file pre-trial motions, other than discovery motions, is April 5, 2016;

h) Plaintiff shall submit the Pre-Trial Order to Defendant by May 25, 2016;

i) Defendant shall submit the Pre-Trial Order to the Court by June 8, 2016.

There will be no further extensions of deadlines absent good cause shown.

    IT IS SO ORDERED.

                                                                        *William P. Lynch* (signature)
                                                                        William P. Lynch
                                                                        United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.